STATE OF MAINE                                  SUPERIOR COURT

Cumberland, ss.


NICHOLAS LAUDERMILK

           Plaintiff

     v.                        Civil Action Docket No. CUMSC-CV-17-0025

WELLPATH, LLC et als.

           Defendants                           REC'D CUMB CLERKS OFC
DEC 2 '19 AM 11:42

## ORDER FOR DISCOVERY

This case came before the court for a conference of counsel pursuant to M.R. Civ. P. 26(g), with attorney Faunce for Plaintiff Nicholas Laudermilk; attorney Hatch for Defendant Wellpath, Inc. [Wellpath]; attorneys Poulin and Rappaport for Defendants Alvin Hall, M.D. and Surgical Pathology Consultants [collectively "Hall/SPC"], all participating in person and with attorney Caradonna for Defendant Laboratory Corporation of America ["LCA"] participating by telephone. The conference was electronically recorded.

### *Background*

The discovery issue arises from a settlement between Plaintiff and Wellpath that includes a "Pierringer release". *See Thurston v. 3K Kamper Ko.*, 482 A.2d 837, 838-39 & n.1 (Me. 1984), *citing Pierringer v. Hoger*, 21 Wis. 2d 182, 124 N.W.2d 106 (1963).

Pursuant to their settlement, Plaintiff and Wellpath have filed a Joint Motion to Dismiss all claims against Wellpath with prejudice and without costs. The non-settling Defendants do not oppose the Joint Motion.

The non-settling Hall/SPC Defendants have served a discovery request on Plaintiff seeking "[a]ll documents constituting, referring or relating to any understanding, with any other party . . . which affects that party's liability to pay damages for the injuries or losses which Claimant[] claims in this lawsuit . . ." Nov. 4, 2019 Letter from Attorney Rappaport to Attorney Faunce. It is undisputed that the settlement documents between Plaintiff and Wellpath are within the scope of the Hall/SPC document request to Plaintiff.

Plaintiff and Wellpath both object to the request and to any discovery of the terms of their settlement.

At the outset of the recorded discovery conference, the court noted that Rule 26(g)(3) plainly authorizes the court to resolve the discovery dispute at or after the Rule 26(g) conference, but also authorizes the court to convert the Rule 26(g) procedure into the more formal motion procedure, which in this case could entail cross-motions to compel and for protective order under Rules 37 and 26(c). After an opportunity to confer, all parties agreed that the court could issue its ruling on the dispute under the Rule 26(g) procedure rather than invoking the motion procedure.

2

*Analysis*

Somewhat surprisingly, the question whether a non-settling defendant is entitled to discovery of the terms of a *Pierringer*-type settlement between a plaintiff and a settling co-defendant seems to not to have been addressed by the Maine courts, although the United States District Court for the District of Maine has directly addressed the question. *See Barclay v. Gressit,* 2013 U.S. Dist. LEXIS 103518 (D. Me. July 24, 2013) (Rich, Mag. J.).

The *Barclay* decision includes a detailed analysis of the federal courts' handling of such requests, notes that some decisions have required a heightened showing in order for discovery to be allowed, and determines that the federal rules do not support any such requirement and orders disclosure. Although not bound by Judge Rich's decision under the federal discovery rules, this court agrees with its conclusion—that the requested documents are relevant and discoverable. The Maine discovery rules impose heightened requirements for discovery in limited situations, *see* M.R Civ. P. 26(b)(4)(B) (discovery as to experts retained for purposes of litigation but not expected to be called as a witness at trial only upon a showing of exceptional circumstances). But this discovery request is not within those limited situations, and this court is not inclined to impose any heightened requirement where the discovery rules do not.

The Hall/SPC Defendants contend that the settlement documents are relevant and discoverable for several different reasons. They say that the

settlement amount is relevant to their rights under 14 M.R.S. § 163, which calls for the court to reduce any judgment for the plaintiff by either the amount of the settlement or Wellpath's share of fault. They also say that they are entitled to see the settlement documents for other reasons.

Plaintiff and Wellpath object on the grounds that the settlement and terms thereof are not admissible in evidence; that disclosure would be prejudicial and would also violate the confidentiality provisions of the settlement. They also contend, in the alternative, that if the requested documents are relevant, the plain language of 14 M.R.S. § 163 makes them relevant only if a verdict is rendered and, even then, only after the verdict.

Plainly, the likelihood that the terms of settlement will not be admissible at any trial is not determinative. The essential limitation on discovery is one of relevance, not admissibility. *See* M.R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ."). No issue of privilege is raised here.

There is more than one reason why the terms of the settlement between Plaintiff and Wellpath are relevant and discoverable.

One reason is that the non-settling Defendants need to know the terms of settlement in order to exercise intelligently their statutory right to have the terms of settlement factored into any final judgment in the case. *See* 14 M.R.S. §§ 156, 163. Sections 156 and 163 give a non-settling defendant the right to elect between

4

either having the amount of the settlement deducted from the judgment or having an amount corresponding to the settling defendant's degree of fault as determined by the jury deducted from the judgment. What form the reduction takes depends on whether the jury is asked to allocate fault among the settling and non-settling defendants. A non-settling defendant has the right "through the use of special interrogatories to request of the jury the percentage of fault contributed by each defendant." 14 M.R.S. § 156. Section 163 describes the procedure as follows:

> With regard to a settlement in which the plaintiff has entered into an agreement that precludes the plaintiff from collecting against remaining parties that portion of any damages attributable to the settling defendant's share of responsibility, the judge shall reduce the plaintiff's judgment by either the amount determined at trial to be attributable to the settling defendant's share of responsibility, if any was found, or, if no such finding is made, by the value of the consideration given to the plaintiff for the settlement.

14 M.R.S. § 163.

Plaintiff and Wellpath point out that, under the plain language of 14 M.R.S. § 163, the court is to inquire into settlement by a defendant only after the verdict, and therefore that the requested discovery should at least be deferred until after the jury verdict, if it is not denied. The phraseology of section 163 provides some support for their argument. *See* 14 M.R.S. § 163 (*"After the jury has returned its verdict,* the trial judge shall inquire of the attorneys for the parties whether such a settlement or release has occurred. If such settlement or release has occurred, the trial judge shall reduce the verdict by an amount equal to the settlement with or the consideration for the release of the other persons.") (emphasis added).

5

However, this provision predates the 2000 revisions to sections 156 and 163 that were intended specifically to address *Pierringer* settlements. *See* Me. Pub. L. 2000, ch. 633. Despite the just-quoted carryover language, those revisions make it necessary for a non-settling defendant to decide, before the case goes to the jury, which type of reduction to elect. Thus, the premise that any disclosure of the settlement amount can be deferred until after verdict is simply not consistent with a non-settling defendant's rights under the statute. To make an intelligent choice between a reduction based on the settlement amount and a reduction based on the settling defendant's degree of fault as determined by the jury, a non-settling defendant needs to know the amount of the settlement.[1]

A second justification for giving the non-settling Defendants access, not only to the amount of the settlement, but also to the settlement documents, is that sometimes settlement terms do include agreements or covenants affecting trial and also affecting a non-settling defendant's liability.

The Hall/SPC Defendants want to see the settlement documents for both of those purposes, and the court agrees that both purposes are relevant. On the other hand, the Plaintiff and Wellpath are entitled to the protections of a confidentiality

---

[1] A very low settlement amount, compared with the settling defendant's likely degree of fault and the total value of the plaintiff's cause of action, presumably dictates asking the jury to determine the degree of fault of all defendants (including that of the settling defendant), whereas a high settlement amount, compared with the likely degree of fault of the settlement defendant in light of the total value of the plaintiff's cause of action, presumably would justify deducting the settlement amount from the judgment.

order. Also, the court sees no reason why the non-settling Defendants need to have a copy of the settlement documents unless they can show a need for obtaining a copy, so at least initially, their access to the settlement documents should be on a review basis.

IT IS HEREBY ORDERED:

1. Plaintiff and Defendants shall confer and attempt to agree on the terms of a confidentiality order, consistent with the foregoing, pursuant to which the disclosures required by this Order shall be made. A further conference of counsel will be convened in the event of a disagreement as to the terms of a confidentiality order.

2. Within 20 days after the court's approval of a confidentiality order, Plaintiff shall disclose to the requesting Defendants the amount of any settlement with Wellpath.

3. Within 20 days after the court's approval of a confidentiality order, Plaintiff shall provide the attorneys for the requesting Defendants the opportunity to review and take notes on a complete and unredacted set of any and all documents reflecting or relating to Plaintiff's settlement with Wellpath.

4. Defendants shall not be entitled to copies of any documents reflecting or relating to Plaintiff's settlement with Wellpath, except by further order. If Defendants seek copies they are authorized to file a motion to compel production.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated November 27, 2019

_____

A. M. Horton, Justice

Entered on the Docket: 12/2/19

8